## Byrd *vs.* Turpin, guardian.

1. A purchaser of land at guardian's sale who takes a deed without warranty, risks such title as the guardian, with regular leave from the ordinary, can convey, the sale being free from any fraud or misrepresentation,

2. If the purchaser could complain of defective title were judgment sought against him generally for balance of the purchase money, his complaint would not serve as a defense to a rule to foreclose a mortgage for such balance upon the land itself. Let the title be what it may, the land can be made subject to a mortgage for a part of its own purchase money.

3. For the purpose of showing that there was no concealment or misrepresentation by the guardian, parol evidence is admissible to establish that the purchaser knew before the sale that a suit upon an old debt of the ward's father was pending against the father's representative, and that the ward's mother had claimed the land as a homestead for herself and the minors, and that, with all this knowledge, the purchaser expressly agreed to incur the risk of buying subject to the old debt and the homestead, taking his chances against them as to this land.

4. On the trial of a rule to foreclose a mortgage, the main question is, whether the plaintiff is entitled to recover (as respects the mortgaged property) the debt which the mortgage describes, and if not the whole, how much of it. A verdict for so many dollars as principal, with interest, is sufficiently formal and full. The law directs what judgment is to be rendered by way of rule absolute in the foreclosure proceeding.

Guardian and ward.  Judicial sale.  Mortgage.  Vendor and purchaser.  Evidence.  Verdict.  Before Judge CRISP.  Sumter Superior Court.  October Term, 1878.

Turpin, as guardian, instituted proceedings to foreclose a mortgage made by Byrd to secure the payment of two promissory notes, one for $200.00, and the other for $100.00.  Byrd showed for cause why a judgment of foreclosure should not be rendered, as follows:

On the first Tuesday in September, 1875, he bought the land covered by the mortgage at guardian's sale for $600.00, $300.00 cash, and balance on a credit.  Before the said sale, but after the death of Wheeler, the owner of said land, and the father of petitioner's wards, his (Wheeler's) widow, then living but since deceased, had said land set apart as a homestead for herself and the minor children.  At the time of said sale, it was supposed by the guardian and respondent that the title of Wheeler's estate, as well as the interest of the minors under the homestead, would be thereby divested.  This supposition, which was the basis of all of respondent's actions, was erroneous, and he therefore says that the consideration for which the mortgage was given has wholly failed; that the notes and mortgage ought to be given up to be canceled; that the respondent ought to recover of the petitioner the $300.00 cash payment, with interest thereon, after deducting reasonable rent; that all of this ought to be done upon respondent's surrendering possession of the land and renouncing all claim thereto, which he offers to do.

At the October term, 1875, of Sumter superior court, Hardwick obtained a judgment against the administrators of Wheeler, deceased, on a debt antedating the constitution of 1868.  Execution based on this judgment was levied, and the land sold to Fort.  Fort sold to Wheatley & Co., and they to the petitioner.  If said sale under the aforesaid execution was valid, it defeated all of respondent's right to said land.  The estate of Wheeler is wholly insolvent.

Upon the trial, B. M. Wheeler, the former guardian, testified, in brief, as follows : Respondent knew, at the time of the sale, of the Hardwick suit; he examined the record, and agreed that he would settle whatever Hardwick might recover, and take the land if he (Wheeler) would let him have it for $600.00; he had been asking $1,000.00 therefor. Respondent also examined the record as to the homestead, and bought subject to that. Witness agreed that if respondent would take the risk of the title, he might have it for $600.00. This amount was bid by respondent, and the land was knocked off to him.

Respondent moved to rule out the evidence of Wheeler so far as it tended to show an agreement between him and the witness as to the sale of the land other than what was embraced in the notes and mortgage, because it was in parol, and because it attempted to set up an illegal agreement in regard to a judicial sale.

The motion was overruled.

It appeared that the purchase of the land by Fort, and the sale by him to Wheatley & Co., were at the request of respondent; that Wheatley & Co advanced the money at the request of respondent, and agreed to let him redeem the land by the payment of the money advanced by them; that upon his failure to redeem they conveyed to petitioner upon such payment by him; that petitioner is ready and willing to convey to respondent upon his payment of the balance of purchase money due and the sums thus advanced to Wheatley & Co. The deed from the guardian to Byrd was without warranty, and purported to convey the premises in as full and ample a manner as they were held by the guardian and his wards. It recited an order by the ordinary granting leave to sell.

Amongst other things the court charged the jury as follows : " It makes no difference whether there was any homestead set apart to the minor children of G. M. Wheeler in this land or not, they were entitled to the land as heirs-at-law, and it makes no difference in this case whether

there was any homestead or not.   The guardian's sale was a judicial sale, and the purchaser got a title unaffected by the previous homestead in the land."

Also, " If you find for the plaintiff the form of your verdict will be, ' We, the jury, find the issue in favor of the plaintiff, for so many dollars, with interest from the maturity of the notes,' and if you find for the defendant, ' We, the jury, find for the defendant.'"

The following verdict was returned : " We, the jury, find for the plaintiff $300.00, with interest on $100.00 from September 17, 1875, and interest on $200.00 from January 1, 1876, and all costs."

The respondent excepted and assigns error as follows :

1. Because the court erred in refusing to rule out he testimony as above stated.

2. Because the court erred in each of the. charges above set forth.

3. Because the verdict is illegal and void in that it does not cover the issues made by the pleadings, and does not authorize any judgment of foreclosure or decree for the sale of the land.

N. A. SMITH ; B. P. HOLLIS, for plaintiff in error, cited, on admission of testimony, Code, §1950. . On charge, 10 *Ga.*, 359 ; 55 *Ib.*, 383 ; 59 *Ib.*, 485, 493.   On form of verdict, Code, §3559 ; 58 *Ga.*, 73.

E. G. SIMMONS, for defendant, cited 8 *Ga.*, 300 ; 18 *Ib.*, 553 ; 59 *Ga.*, 485.

BLECKLEY, Justice.

1. There was neither warranty nor fraud.   The guardian sold what his wards had.   He did not attempt to convey otherwise than as his office authorized him.   The deed on its face undertook to convey no larger estate than he and his wards held and possessed.   As they held and possessed the premises, so was the purchaser to hold and possess this,

in effect, the deed says. And such is the general range and limit of sales by guardians. If there is due leave from the ordinary to sell, and no fraud nor misrepresentation, the maxim which the purchaser has to face is, *cavéat emptor*.

2. The purchaser cannot complain of defective title, under the evidence in the record; but if he could, it is only the land that the judgment of foreclosure will affect. Surely land, whether the title is good or bad, ought to be subject to its own purchase money. If the land is Byrd's by his purchase from the guardian, he ought to pay for it; and if it is not his, but belongs to some one else, as he alleges, there being, as he avers, a better title than his own outstanding, he will not be injured by the foreclosure of the mortgage, and the sale of the land to satisfy it. How will it hurt him to sell some other person's land?

3. As there was no evidence of concealment, misrepresentations or fraud of any kind, the evidence that Byrd knew, before he bought, of the pending suit and of the claim of homestead, and agreed to risk or buy subject to them, was not needed; but it was not open to the grounds of objection urged to its admission. It sets up nothing inconsistent with the note and mortgage, or with the deed. Its effect is, to show that Byrd bought with his eyes wide open, and that he was not blinded or misled by the guardian. It tends to evince the guardian's good faith, and to show that Byrd moved with knowledge and with nerve. It goes to uphold all the writings, and not to vary, modify or impair them.

4. The verdict was sufficiently full and formal. The Code, in section 3968, directs what is to be done when a mortgagor sets up a defense and fails to sustain it. The rest is matter for the court in its judgment. We do not mean to say that the charge to the jury was correct; but the verdict was.

Judgment affirmed.