## O'NEAL *v.* CARMICHAEL.

To the foreclosure of a mortgage on land for the purchase money
thereof, it was no defence that one of the deeds in the vendor's
title appeared on its face to be a forgery; there being no allega-
tion that he warranted the title to the vendee, nor that there was
fraud in the transaction, nor that any of the purchase money had
been paid.

March 1, 1890.

Foreclosure of mortgage. Vendor and purchaser.
Pleadings. Before Judge BOWER. Decatur superior
court. May term, 1889.

The decision reports the case. The pleas referred to
are as follows (omitting the first, which the opinion
sets out): 2. Defendant has repeatedly applied to
plaintiff to explain the want of said recitals and why the
names of the heirs are all signed in the same hand-
writing, and plaintiff has refused to do so. 3. Defend-
ant is ready and willing now, has the amount of money
now in court to pay the amount due on the mortgage
whenever said deed is properly executed by plaintiff;
he wants the land and is ready to pay for it, but at the
same time wants a good title to it. 4. He is ready and
willing to rescind the trade, provided plaintiff pays him
$7.50 for taxes paid thereon; recording deed, $3.00; ser-
vices rendered in taking and exercising care over the
land and giving it in for taxes, it being uncultivated, wild
land. 5. Before the proceedings to foreclose were be-
gun, he offered plaintiff's attorneys to rescind the trade,
upon payment to him of the sums mentioned in his
plea, or to pay the purchase money if plaintiff, who is
insolvent, would have the deed of the heirs at law of
Ham (here to the court shown) to J. W. Harkness,

(which as now executed is utterly void as title) perfected. In conformity to a letter, attached to this plea, defendant offered to rescind the trade upon the delivery of his note and mortgage before suit brought, but plaintiff rejected the offer. The letter attached was from Carmichael to O'Neal, dated May 30th, 1885 (the petition to foreclose having been filed in November, 1887), and stated, in reply to a letter from O'Neal: "I have no plat and grant. The deed from M. E. Ham and heirs is regular so far as I know or can learn. There are no judgments in this State or any other State against me. Will state further, if chain of titles is not satisfactory, return deed, and I will forward your note and mortgage deed, as I do not desire to give you or any other person trouble."

O. G. GURLEY, for plaintiff in error.

No appearance contra.

SIMMONS, Justice.

Carmichael sold to O'Neal a lot of land, and took his note therefor and a mortgage to secure the note. O'Neal failed to pay the note, and Carmichael sought to foreclose the mortgage. O'Neal filed several pleas, which are set out in the official report. On demurrer the pleas were stricken. O'Neal excepted and brought the case here.

There was no error in striking the pleas. They present no issue of law or fact which if tried would be sufficient to prevent the foreclosure of the mortgage. The plea mainly relied on here is as follows: 1. One of the deeds in Carmichael's title to the defendant (the mortgage being given for purchase money of the land mortgaged) appeared upon its face to be a forgery, the signatures to it, purporting to be made by the wife and heirs at law of J. G. S. Ham, being all in the same handwriting; and the deed fails to recite the names of the heirs or the name of said wife.

The plea does not allege that Carmichael warranted the land to O'Neal, nor that there was fraud in the transaction, nor that any portion of the purchase money had been paid. Carmichael does not seek a general judgment against O'Neal, but seeks merely to condemn the land for the purchase money thereof; and this he is certainly entitled to do. And we cannot see how O'Neal would be injured by allowing him to foreclose and sell. It is only the land that the judgment of foreclosure will affect. In the case of *Byrd* v. *Turpin, guardian,* 62 *Ga.* 595, this court said: "Surely land, whether the title is good or bad, ought to be subject to its own purchase money. If the land is Byrd's by his purchase from the guardian, he ought to pay for it; and if it is not his, but belongs to some one else, as he alleges, there being, as he avers, a better title than his own outstanding, he will not be injured by the foreclosure of the mortgage and the sale of the land to satisfy it. How will it hurt him to sell some other person's land?"

There is nothing in the other pleas worthy of notice; and the judgment is                          *Affirmed.*